# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERROD G. C. BLACKWELL,

    Petitioner,

vs.

BRIAN E. WILLIAMS,

    Respondents.

Case No. 2:13-cv-00491-APG-GWF

**ORDER**

    Petitioner has submitted an application to proceed <u>in forma pauperis</u> (#4). The court finds that petitioner is unable to pay the filing fee.

    The court has reviewed the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss some grounds because they lack merit. The court will serve the petition upon respondents for a response to the remaining ground.

    In 2009, petitioner was a defendant in at least three criminal cases in the Eighth Judicial District Court of the State of Nevada. The current petition concerns case C253682. Petitioner was videotaped taking the purse of a casino patron and attempting to leave the casino, when he was apprehended. Petition, at 3b.[1] Petitioner agreed to plead guilty to one count of grand larceny. The prosecution sought adjudication of petitioner as a habitual criminal. The state district court agreed,

---

[1] Many of the pages of the petition are photocopies of pages that petitioner has filed in other proceedings. The original page numbers are on the bottom left. The page numbers that petitioner added for this action are on the bottom right; the court uses these page numbers.

1  sentencing petitioner to life imprisonment with eligibility for parole starting after ten years.
2  Petition, at 3a-3b.  See also Nev. Rev. Stat. § 207.010(1)(b).
3        Ground 1 is a claim that the sentence is excessive and violates the Eighth Amendment.
4  Respondents will need to respond to this ground.
5        The remaining grounds, 2 through 6, are claims of ineffective assistance of counsel.  A
6  petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense
7  attorney's representation "fell below an objective standard of reasonableness," Strickland v.
8  Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced
9  the defendant such that "there is a reasonable probability that, but for counsel's unprofessional
10 errors, the result of the proceeding would have been different," id. at 694.  "[T]here is no reason for
11 a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to
12 address both components of the inquiry if the defendant makes an insufficient showing on one." Id.
13 at 697.
14       Grounds 2 through 6 suffer from a fundamental misunderstanding of how the habitual-
15 criminal statutes operate with the statutes defining the principal crime and its sentence.  The
16 principal crime in this case is grand larceny, defined in Nev. Rev. Stat. § 205.220.  The penalties for
17 grand larceny are contained in Nev. Rev. Stat. § 205.222.  If a person has been convicted of felonies
18 three times previously, then a court may adjudicate the person to be a habitual criminal and impose
19 one of three sentences outlined in Nev. Rev. Stat. § 207.010(1)(b).  Petitioner argues incorrectly
20 that Nev. Rev. Stat. § 207.016(1) requires the state district court first to impose a sentence for grand
21 larceny and then to impose a sentence for being a habitual criminal.  He then argues that the district
22 court failed to follow that procedure, and that counsel provided ineffective assistance by not
23 objecting to the district court's actions.  Section 207.016(1) states, "A conviction pursuant to NRS
24 207.010 . . . operates only to increase, not to reduce, the sentence otherwise provided by law for the
25 principal crime."  The statute says nothing about imposing two sentences.  Contrary to petitioner's
26 argument, state law does not allow for a sentence on the principal crime and then a sentence for
27 being a habitual criminal.  There is only one sentence.  The habitual-criminal sentence supersedes
28

the stated sentence for the principal crime.  <u>Cohen v. State</u>, 625 P.2d 1170, 1172 (Nev. 1981); <u>Lisby v. State</u>, 414 P.2d 592, 595-96 (Nev. 1966).

Petitioner's sentence does comply with what § 207.016(1) actually requires.  The sentence that he received pursuant to § 207.010(1)(b) is greater than any possible sentence he could have received solely for grand larceny, as provided in § 205.222.  Consequently, the one sentence of life imprisonment with eligibility for parole beginning after 10 years is a legal sentence, and it does not exceed any applicable statutory limits.  Counsel's lack of objection to the issues raised in grounds 2 through 6 was not deficient performance.  Grounds 2 through 6 are without merit on their face, and the court dismisses them.

IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#4) is **GRANTED**.  Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that grounds 2 through 6 of the petition are **DISMISSED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits

1  in the attachment. The hard copy of any additional state court record exhibits shall be
2  forwarded—for this case—to the staff attorneys in Las Vegas.
3      IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if
4  appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
5  other document submitted for consideration by the court. Petitioner shall include with the original
6  paper submitted for filing a certificate stating the date that a true and correct copy of the document
7  was mailed to the respondents or counsel for the respondents. The court may disregard any paper
8  received by a district judge or magistrate judge that has not been filed with the clerk, and any paper
9  received by a district judge, magistrate judge, or the clerk that fails to include a certificate of
10  service.
11      DATED:  July 22, 2013.

                                        ANDREW P. GORDON
                                        United States District Judge