# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERROD G. C. BLACKWELL,

    Petitioner,

vs.

BRIAN E. WILLIAMS,

    Respondents.

Case No. 2:13-cv-00491-APG-GWF

**ORDER**

Before the court are petitioner's motion for relief (#14), respondents' opposition (#16), and petitioner's reply (#17). The court denies the motion.

The court dismissed grounds 2 through 6 of the petition (#5) because they lacked merit. Order (#6). These grounds were claims of ineffective assistance of counsel. Petitioner argued that Nevada law governing habitual criminality required the trial court to impose a sentence for the substantive crime and then to impose a sentence for being a habitual criminal. Petitioner then argued that counsel provided ineffective assistance by not objecting to the sentence that the state district court imposed.

The cases that petitioner cites in his motion for relief do nothing to help his argument. In Burns v. State, 495 P.2d 602, 605 (Nev. 1972), the Nevada Supreme Court determined that the habitual-criminal sentence was invalid because the prosecution had not proven that the prior felony convictions had met the constitutional standards for being considered in a habitual-criminal adjudication. In Staude v. State, 908 P.2d 1373, 1377 (Nev. 1996), the Nevada Supreme Court reversed a habitual-criminal sentence because the district court had done exactly what petitioner

argues the district court did here: Staude had received one sentence for first-degree murder and then another sentence for habitual criminality.[1]

Finally, petitioner has found an attractive quotation. "The trial court must sentence on the substantive crime charged (ex-felon), and then invoke the recidivist statute to determine the penalty." Hollander v. State, 418 P.2d 802, 807 (Nev. 1966). Petitioner takes that quotation out of context. The district court in that case had found Hollander "guilty of the crime of five prior felony convictions listed on the amended information." Id. at 806. The Nevada Supreme Court held that no separate, substantive offense of five prior felony convictions existed. Id. at 807. It then suggested what the proper sentence should read:

> That Herman Hollander is guilty of the crime of ex-felon in possession of a firearm and that he be punished by imprisonment in the Nevada State Prison for the term of life, as provided for under NRS 207.010(2), upon a felony conviction followed by proof of the three prior felonies alleged.

Id. What the Nevada Supreme Court suggested in Hollander is what the district court did in petitioner's case. See Ex. 4 (#12) (judgment of conviction). Even if there is some constitutionally protected procedure for adjudicating a person to be a habitual criminal, the state district court did not violate it.

IT IS THEREFORE ORDERED that petitioner's motion for relief (#14) is **DENIED**.

DATED:

ANDREW P. GORDON
United States District Judge

---

[1] The Nevada Supreme Court also held that the statute requiring the jury to set the sentence for first-degree murder, Nev. Rev. Stat. § 175.552, "precludes habitual criminal enhancement by the court of a penalty for first degree murder imposed by the jury." Staude, 908 P.2d at 1377. This holding of Staude is not relevant to petitioner's case, because petitioner was not found guilty of first-degree murder.