# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JERROD G. C. BLACKWELL,

    Petitioner,

vs.

BRIAN E. WILLIAMS,

    Respondents.

Case No. 2:13-cv-00491-APG-GWF

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#5) and respondents' answer (#11). The court finds that petitioner is not entitled to relief, and the court denies the petition.

Pursuant to a plea agreement, petitioner was convicted of one count of grand larceny. The state district court adjudged petitioner to be a habitual criminal under Nev. Rev. Stat. § 207.010(1)(b) and sentenced him to life imprisonment with eligibility for parole starting after ten years. Ex. 4 (#12). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 7 (#12).

Petitioner pursued a state habeas corpus petition and a motion to correct an illegal sentence. The state district court denied both the petition and the motion. Petitioner appealed. On February 13, 2013, the Nevada Supreme Court affirmed both denials. Blackwell v. Nevada, No. 60836; Blackwell v. Nevada, No. 61236.[1]

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29002; http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=29402 (reports generated December 24, 2015).

Petitioner then commenced this action. The petition originally contained 6 grounds. The court dismissed grounds 2 through 6 because they were claims of error in the habitual-criminal adjudication process that were plainly without merit. Order (#6). Reasonable jurists would not find the court's conclusion on these grounds to be debatable or wrong, and the court will not issue a certificate of appealability for them. Ground 1 remains.

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is

possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Ground 1 is a claim that the adjudication of petitioner as a habitual criminal violates the Eighth Amendment.[2] The claim has two components. First, petitioner argues that the habitual-criminal statute, Nev. Rev. Stat. § 207.010, is intended to be applied only to violent crimes. Second, petitioner argues that the sentence he received is disproportionate to the crime he committed. Section 207.010 provides, in relevant part:

1. Unless the person is prosecuted pursuant to NRS 207.012 or 207.014, a person convicted in this State of:

[. . .]

(b) Any felony, who has previously been three times convicted, whether in this State or elsewhere, of any crime which under the laws of the situs of the crime or of this State would amount to a felony is a habitual criminal and shall be punished for a category A felony by imprisonment in the state prison:

    (1) For life without the possibility of parole;

    (2) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served; or

    (3) For a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served.

The Nevada Supreme Court addressed these claims in petitioner's direct appeal:

---

[2]Most of ground 1 is a photocopy of an appellate brief. Petitioner is challenging the judgment of conviction of the Eighth Judicial District Court in case 09C253682. However, petitioner has used the brief from an appeal in a different criminal case from the same court, 09C255688-2. The court has read the appellate brief actually filed with the Nevada Supreme Court in this case. See Ex. 5 (#12). The factual differences are immaterial, and the legal issue that petitioner presents in ground 1 is the same that was actually presented to the Nevada Supreme Court in the case at issue.

-3-

> Blackwell's sole contention on appeal is that his sentence as a habitual criminal constitutes cruel and unusual punishment under the Eighth Amendment because the sentence is disproportionate to his crime. In this, he argues that he simply "snatch[ed] a purse slung over a chair and attempt[ed] to run away" and his criminal history shows that he is a career thief, nothing more." He also suggests that NRS 207.010 is primarily reserved for repeat violent offenders.
>
> The Eighth Amendment does not require strict proportionality between crime and sentence but forbids only an extreme sentence that is grossly disproportionate to the crime. Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Regardless of its severity, a sentence that is within the statutory limits is not "'cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience.'" Blume v. State, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (quoting Culverson v. State, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979)). This court has consistently afforded the district court wide discretion in its sentencing decision, see Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed where the record does not show prejudice resulting from the consideration of "impalpable or highly suspect evidence." Silks v. State, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976).
>
> Here, Blackwell was sentenced to life in prison with the possibility of parole after ten years, which falls within the parameters provided by NRS 207.010(1), and he does not allege that the district court relied on impalpable or highly suspect evidence or that the relevant statute is unconstitutional. Additionally, he has not shown that the district court abused its discretion in adjudicating him as a habitual criminal. Despite Blackwell's claim that the statute is primarily reserved for repeat violent offenders, that statute "makes no special allowance for non-violent crimes" but rather leaves that consideration to the district court's discretion. Arjakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992). And Blackwell's claim that his criminal history reflects that he is merely "a career thief" is belied by the record as the six felonies supporting the habitual criminal adjudication involve receiving stolen property, possession of a controlled substance, attempted burglary, forgery, grand larceny, and attempted possession of a controlled substance. Accordingly, we conclude that the sentence imposed does not constitute cruel and unusual punishment.

Ex. 7, at 1-2 (#12). Arjakis, and the text of § 207.010 itself, disposes of petitioner's claim that § 207.010 is reserved for violent offenders. As for the sentence that petitioner received for the crime of grand larceny, in Ewing v. California, 538 U.S. 11 (2003), the defendant received a sentence harsher than petitioner's sentence, 25 years to life imprisonment, for a similar criminal history. The Court, in a plurality opinion, ruled that the state-court determination that such a sentence did not violate the Eighth Amendment was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. If the sentence in Ewing could not be considered unreasonable, then petitioner's sentence also cannot be considered unreasonable, and the Nevada Supreme Court applied controlling Eighth Amendment precedent reasonably. Ground 1 is without merit.

1  Reasonable jurists would not find the court's conclusions on ground 1 to be debatable or
2  wrong, and the court will not issue a certificate of appealability for ground 1.
3  IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (#5) is
4  **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.
5  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.
6  DATED: December 28, 2015.

_____
ANDREW P. GORDON
United States District Judge